IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VICTOR DONNELL FIELDS,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    C.A. No. 26-45-JLH-LDH
                                  )
ROBERT HEISHMAN, et al.,          )
                                  )
            Defendants.           )

FILED

MAY - 4 2026

U.S. DISTRICT COURT DISTRICT OF DELAWARE

REPORT AND RECOMMENDATION

Plaintiff Victor Donnell Fields, an inmate at James T. Vaughn Correction Center

("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and

has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Court now screens the

Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and recommends that the

Complaint (D.I. 3) be dismissed without prejudice.

I.    BACKGROUND

For purposes of screening the complaint, the Court accepts the facts alleged in Plaintiff's

pro se pleading as true, draws all reasonable inferences in his favor, and asks only whether the

complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v.*

*United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The Complaint alleges that, on various occasions, Defendants placed a fellow inmate in

Plaintiff's cell to harass and assault Plaintiff resulting in Plaintiff suffering a swollen eye and

injured leg and having been prevented from utilizing the toilet. (D.I. 3 at 5, 7). The Complaint

further avers that Defendants told other inmates alleged falsehoods about Plaintiff that subjected

Plaintiff to the risk of harm. (*Id.*) The Complaint also appears to take umbrage with the prison

1

grievance process, accusing the Defendants of working in concert with each other to deny Plaintiff various rights. (*Id.* at 7). Plaintiff asserts constitutional violations under the First, Eighth, and Fourteenth Amendments and seeks monetary damages and injunctive relief. (*Id.* at 5).

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a

2

claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

The complaint fails to state a plausible claim upon which this Court may grant relief. Although prison officials have a constitutional duty to protect detainees from violence at the hands of other inmates, *Hightower v. City of Philadelphia*, 130 F.4th 352, 356 (3d Cir. 2025), claims alleging a failure to protect require a showing that (1) the detainee was incarcerated under conditions posing a substantial risk of serious harm and (2) prison officials knew of and disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 833–35 (1994). That is, a plaintiff must allege facts showing the defendant's actual knowledge of a substantial risk and deliberate indifference to that risk. *See, e.g., Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Further, claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir.

May 8, 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

Here, Plaintiff names as Defendants a discipline hearing officer, a discipline appeal officer, a grievance coordinator, a lieutenant/unit commander, a lieutenant/building supervisor, the deputy warden, a major, and the warden. (D.I. 3 at 3-6). Plaintiff's Complaint does not contain any specific allegations concerning the personal involvement of these defendants sufficient to make out a § 1983 claim. Indeed, Plaintiff's allegations suggest that Defendants are named based upon their supervisory positions. Thus, Plaintiff's claims rest impermissibly upon a theory of supervisory liability and, therefore, must be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See, e.g., Carter v. Biddle*, No. 18-1037-CFC, 2019 WL 97071, at *3 (D. Del. Jan. 3, 2019). Because it is plausible that Plaintiff may be able to state a claim against Defendants or name alternative defendants, he will be given leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the Complaint (D.I. 3) be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court FURTHER RECOMMENDS that Plaintiff be granted leave to file an amended complaint on or before June 1, 2026. IT IS FURTHER RECOMMENDED that the Clerk of Court is directed to CLOSE this case should no amended complaint be timely filed.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

4

5

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.


Dated: May 4, 2026


                                            _____
                                            United States Magistrate Judge