**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VICTOR DONNELL FIELDS, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 26-45-JLH-LDH |
| ROBERT HEISHMAN, et al., | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington, this 28th day of October, 2026;

WHEREAS, Magistrate Judge Hatcher issued a Report and Recommendation on May 4, 2026 (D.I. 11 ("R&R")), recommending that the Court dismiss the Complaint (D.I. 3) without prejudice for failure to state a claim;

WHEREAS, Plaintiff objected to the R&R on May 18, 2026 (D.I. 12);

WHEREAS, the Court reviews Plaintiff's objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3) & 28 U.S.C. § 636(b)(1)(B),(C);

WHEREAS, the Complaint essentially alleges that officials at the James T. Vaughn Correctional Center ("James T. Vaughn") have failed to protect him from harassment and violence by other inmates, and/or have actually placed him in harm's way;

WHEREAS, the Complaint lists as defendants various officials at James T. Vaughn, but it fails to allege facts showing the defendants' personal involvement in the alleged activity;

WHEREAS, Judge Hatcher's R&R correctly applied the rule that an individual government defendant in a civil rights action must have personal involvement in the alleged

wrongdoing, *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005), and the R&R correctly explained that claims predicated solely on the operation of *respondeat superior* cannot survive (R&R at 4), *Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009);

WHEREAS, Plaintiff's objection fails to address the deficiency identified by the R&R, other than to say, "I named Defendants because Defendants were on chain of command & to my knowledge all on floor & information they have personally" (D.I. 12 at 1);

WHEREAS, Plaintiff filed an "Additional Report & Recommendation Objection" on August 31, 2026 (D.I. 13);

WHEREAS, Plaintiff's additional objection is improper because he did not seek leave from the Court (*See* D.I. 11 ("No further briefing shall be permitted with respect to objections without leave of the Court.")), and thus the Court does not consider it;[1]

WHEREAS, in assessing the sufficiency of the Complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009);

WHEREAS, in determining whether the Complaint states a claim, the Court does not consider factual allegations set forth in Plaintiff's Objections; however, Plaintiff will be granted leave to file an Amended Complaint to set forth his additional allegations if he so chooses;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the R&R (D.I. 12) are OVERRULED.
2. Judge Hatcher's May 4, 2026 Report and Recommendation (D.I. 11) is ADOPTED.
3. The complaint (D.I. 3) is dismissed without prejudice.

[1] The additional objection still fails to address the deficiencies raised by Judge Hatcher.

4. Plaintiff is granted leave to file an amended complaint on or before November 25, 2026. Failure to file an amended complaint by this date will result in closure of this case.

The Honorable Jennifer L. Hall
United States District Judge